(No. 1689—)

IDA M. YATES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1937.*

L. O. WILLIAMS, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

On the 30th day of October, 1928, and prior thereto, claimant, Ida M. Yates, was employed at the Illinois Orphans' Home located in the City of Normal, McLean County, Illinois,

as a worker and an attendant in that institution; that in the course of her employment, she was required to wash the walls in certain rooms of that institution, and on the date last mentioned, while standing on a table that was provided for her, and while washing walls, she fell from the table and received a severe hip injury, consisting of a fracture of the hip, leaving when healed, that limb shorter than the other.

In view of the position that we take of the case, it is unnecessary to go into further detail as to the nature of the injury. This claim was filed December 15th, 1930.

The Attorney General has made a motion to dismiss this case for the reason that it appears from the evidence that no compensation or pay was ever made to the claimant, and claim for compensation was not made within six months, and claim was not filed within one year, pursuant to the terms of Section 24 of the Compensation Act. The Court of Claims Act provides that the Court of Claims shall hear and determine all cases resulting in injuries to the employees of the State who are under the Act, pursuant to the terms of the Compensation Act. We must, therefore, consider Section 24 of the Compensation Act.

It is argued by counsel for claimant that the five year Statute of Limitations under the Court of Claims Act should apply, and not the provisions of Section 24 of the Compensation Act, and it is argued that the law does not favor repeals by implication, and that the Legislature did not contemplate that the provisions of the Compensation Act would take precedence over the five year statute mentioned in the Court of Claims Act.

The Supreme Court of Illinois and this court has many, many times held that no jurisdiction can attach to a case where the claim was not filed within a year. The only jurisdiction this court has in compensation cases is statutory and the statute specifically provides that the court must hear and determine the liability of this State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the "Workmen's Compensation Act."

Clearly, we have no jurisdiction of a case when the provisions of Section 24 have not been fully complied with. Because claim was not filed within a year, the motion of the Attorney General must be sustained and the cause dismissed.